HESLEP *v.* MILLSAPS

No. 40914      November 17, 1958      106 So. 2d 374

*Alexander, Feduccia & Alexander,* Cleveland, for appellant.

*Hugh F. Causey,* Cleveland, for appellee.

Hall, J.

This is an adverse possession suit involving a strip of land sixty-six feet in width across or below the south end of an eighty-acre tract in Section 18, described as the East Half of the Southeast Quarter which belongs to Mr. Millsaps. Mr. Heslep owns all of Section 19 immediately to the south, and both parties have a good record title to their respective tracts.

Mr. Heslep's predecessors in title built a fence around all of Section 19 and it was built in accordance with a line run by a surveyor named Allen who apparently got the wrong starting point for the beginning of his survey or else made a miscalculation in the number of chains that he ran so that the south line of Section 19 extended one chain or sixty-six feet onto the north side of Section 30. Mr. John T. Smith become the owner of Section 30 and had a survey made, and upon discovering that the fence enclosing Section 19 extended so as to include the one chain or sixty-six feet of Section 30, and upon his demand the fence on the south line of Section 19 was moved sixty-six feet to the north and the then owner of Section 19 planned to move the fence on the north line of Section 19 for one chain or sixty-six feet north, but because of a change in ownership and because the ginning season was at hand, the fence was not moved immediately. Later the owner of Section 19 measured off the distance which he was short and cut a right of way, as it is called in the record, so as to include one chain of what the appellee had been claiming. Later the appellee brought this suit to establish his title to the one chain in question, which is only about two acres, by adverse possession and the case went to trial strictly upon the issue of adverse possession. The appellee did not claim

and does not claim that he has any record title to the sixty-six feet in question, but the chancellor entered a decree awarding the same to the appellee by adverse possession.

We have carefully considered the entire record and if we had been passing on this case as an original proposition, we would have decided it differently, but we cannot say from the evidence that the decree of the chancellor is manifestly wrong or against the overwhelming weight of the evidence, and consequently, we have concluded that the decree appealed from must be affirmed.

Affirmed.

*McGehee, C. J.*, and *Arrington, Ethridge,* and *Gillespie, JJ.,* concur.